# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1707V

| | |
|---|---|
| CHARLES J. STREET, | |
| Petitioner, | Special Master Katherine E. Oler |
| v. | Filed: September 17, 2019 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Involuntary Dismissal; Failure to Prosecute; Rule 21(b); Insufficient Proof |
| Respondent. | |

## DISMISSAL DECISION

On November 2, 2018, Charles J. Street ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program")[1] alleging that he developed Guillain-Barré syndrome ("GBS") following an influenza ("flu") vaccination he received on November 4, 2015. *See* Pet. at 1, ECF No. 1.

Petitioner filed nine exhibits, including medical records, a VAERS report, and an affidavit, along with his petition. *See* ECF No. 1. I issued an Initial Order on November 7, 2018, directing Petitioner to file any additional records and a Statement of Completion within sixty days. ECF No. 5. On February 27, 2019, Petitioner filed his Statement of Completion. ECF No. 9.

On February 28, 2019, I directed Respondent to file a status report identifying any missing records. *See* Non-PDF Order of 2/28/19. On April 29, 2019, Respondent filed a status report requesting additional records, including Petitioner's military medical records and prior vaccination records. ECF No. 10. I issued an order directing Petitioner to file the requested records by May 28, 2019. *See* Non-PDF Order of 5/1/19.

On May 28, 2019, Petitioner's counsel, Ms. Erin Juzapavicus, filed a status report indicating that:

> Counsel, after numerous attempts, has been unable to obtain consent to request the petitioner's military medical records, including [] the prior influenza vaccinations in 2015 and 2016.

---

[1] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §300aa (2012).

ECF No. 12.  I held a status conference via telephone with the parties on May 30, 2019.

During the conference, Ms. Juzapavicus stated that she had difficulty contacting Petitioner and has been unable to obtain from him the necessary paperwork for release of his military medical records.  *See* 5/31/19 Order, ECF No. 13.  I also expressed my concern with respect to timing of symptom onset.  *Id*.  I explained that based on my experience in the Vaccine Program, onset of symptoms within 24 hours of vaccination is not a medically appropriate temporal interval for Guillain-Barré syndrome.  *Id*.  Ms. Juzapavicus requested an additional thirty days to speak with Petitioner in order to determine how he wished to proceed.  *Id*.

On June 28, 2019, Petitioner filed a status report in which Ms. Juzapavicus outlined nine attempts to contact Petitioner between June 3, 2019 and June 28, 2019. ECF No. 15.  Ms. Juzapavicus indicated:

> Counsel remains unsuccessful in receiving the necessary paperwork for release of Petitioner's military medical records despite Petitioner's brief communication on June 25, 2019 indicating its imminent return.
>
> Finally, Counsel has not be [sic] able to have a phone conversation with the [p]etitioner to ascertain his wishes on how to proceed.

*Id*.  I gave Petitioner additional time, until August 2, 2019, to file "any outstanding medical records and a status report indicating how he wishes to proceed."  *See* Non-PDF Order of 7/1/19.

On August 2, 2019, Petitioner filed a status report in which Ms. Juzapavicus outlined eight attempts to contact Petitioner between July 1, 2019 and August 2, 2019.  ECF No. 16.  Petitioner's counsel again indicated that:

> Counsel remains unsuccessful in receiving the necessary paperwork for release of Petitioner's military medical records despite Petitioner's brief communication on June 25, 2019 indicating its imminent return.

*Id*.  In light of this, I scheduled a status conference.

On August 12, 2019, I held a status conference with the parties to discuss how to proceed.  Ms. Juzapavicus confirmed her continued lack of communication with Petitioner.  As a result, I issued an Order to Show Cause giving Petitioner an opportunity to explain why his petition should not be dismissed for lack of sufficient evidence and failure to prosecute.  Ms. Juzapavicus requested thirty days to respond.

On September 11, 2019, Ms. Juzapavicus filed a status report outlining her numerous attempts to contact Petitioner since the issuance of my Order to Show Cause.  She states that:

> Counsel has contacted the Petitioner on the following occasions since the release of the Order:

1. Tuesday, August 13, 2019, via email, FedEx Overnight and U.S. Mail, all of which included a copy of the Court's Order to Show Cause;
    a. FedEx was delivered on Wednesday, August 14, 2019 at 10:52am;
2. Tuesday, August 20, 2019, via email;
3. Tuesday, August 27, 2019, via email;
4. Thursday, September 5, 2019, via email;
5. Monday, September 9, 2019, via email;
6. Tuesday, September 10, 2019, via email and telephone call to his place of business where he was unavailable; and
7. Wednesday, September 11, 2019, via email with a draft copy of this Status Report.

All of the above written attempts included language noting failure to hear from Petitioner would result in the dismissal of this action. Despite this, counsel remains unsuccessful in hearing from the Petitioner.

Pet'r's Status Rep. of 9/11/19, ECF No. 18.

Vaccine Rule 21(b)(1) provides that a "special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court." Since May 28, 2019, Petitioner has failed to comply with my order to produce the necessary records. Without those records, I am unable to evaluate the merit of his claim. Petitioner was given ample opportunity to communicate with counsel and comply with my orders. It is clear that Petitioner has not been in communication with his attorney, and I find that he is no longer interested in pursuing this petition.

As such, it is **ORDERED** that,

The petition is hereby **DISMISSED** for lack of sufficient proof and failure of the petitioner to prosecute.

Any questions regarding this order may be directed to my law clerk, Ahmed Almudallal, at (202) 357-6351 or Ahmed_Almudallal@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master