# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 25, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| CHARLES J. STREET, | * | |
| | * | |
| Petitioner, | * | No. 18-1707V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Erin A. Juzapavicus*, Milam Howard Nicandri Dees & Gillam, P.A., Jacksonville, FL, for Petitioner.
*Lynn C. Schlie*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 2, 2018, Charles J. Street ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that he developed Guillain-Barré syndrome following an influenza vaccination he received on November 4, 2015. *See* Petition, ECF No. 1. On September 11, 2019, Petitioner filed a status report, wherein Petitioner's counsel noted that since the Court's August 12, 2019 Order to Show Cause, counsel has attempted to contact Petitioner seven times but with no response. Accordingly, on September 17, 2019, the undersigned dismissed the petition for failure to prosecute and insufficient proof. ECF No. 19.

On April 18, 2020, Petitioner filed an application for final attorneys' fees and costs. ECF

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished Ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

No. 22 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $12,171.67, representing $10,559.50 in attorneys' fees and $1,612.17 in attorneys' costs. Fees App. Ex. 1 at 9-10. Counsel for Petitioner has indicated that she was unable to obtain a signed statement pursuant to General Order No. 9 from her client but, to the best of her knowledge, "Counsel for Petitioner has advanced all costs and Petitioner has not personally paid nor incurred any costs or fees associated with this application." ECF No. 26. Respondent responded to the motion on May 4, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 23. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, it was due primarily to Petitioner's decision to cease all communication with his counsel, thus resulting in the petition being dismissed for failure to prosecute. The undersigned does not doubt that the case was filed in a good faith belief that Petitioner's injury was caused by his vaccination, and the case had a reasonable basis to proceed for as long as it did. Respondent also has not challenged the good faith or reasonable basis of the claim. Accordingly, I find that Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.   Reasonable Hourly Rates

Petitioner requests that his counsel, Ms. Erin Juzapavicus, be compensated at an hourly rate of $325.00 per hour for all work performed in this case (spanning from 2016-2019). Data on

a reasonable hourly rate for Ms. Juzapavicus is scarce. She has had numerous Vaccine Program cases but the majority of them were closed between 2010 and 2015, when attorneys' fees and costs were typically handled by the parties through a submitted stipulation. However, two more recent cases provide some information as to a reasonable hourly rate. In *Lewis v. Sec'y of Health & Human Servs.*, No. 15-1078V, Ms. Juzapavicus requested and was awarded an hourly rate of $285.00 per hour for all work performed from 2013-2016. Similarly, in *Greek v. Sec'y of Health & Human Servs.*, No. 15-178V, Ms. Juzapavicus requested and was awarded an hourly rate of $285.00 per hour for all work performed through 2017. Accordingly, in the instant case the undersigned finds that a reasonable hourly rate for counsel's work through 2017 is $285.00 per hour. *See, e.g. Ramirez v. Sec'y of Health & Human Servs.*, No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him.").

The undersigned finds Ms. Juzapavicus's requested hourly rate to be reasonable for her work in 2018 and 2019. Application of these rates results in a reduction of $256.00.[3]

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and, upon review, the undersigned does not find any of the billing entries to be unreasonable. Respondent also did not indicate that he finds any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $10,303.50.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests a total of $1,612.17 in attorneys' costs. Fees App. Ex. 1 at 10. This amount is comprised of acquiring medical records, the Court's filing fee, and postage. All of these costs are typical of Vaccine Program litigation and are reasonable in the undersigned's experience. Petitioner has provided adequate documentation supporting the request. Accordingly, the requested attorneys' costs are reasonable and shall be reimbursed in full.

## II.   Conclusion

---

[3] ($325.00 per hour requested - $285.00 per hour awarded) * 6.4 hours of work billed in 2016 and 2017 = $256.00.

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $10,559.50 |
| (Reduction to Fees) | - ($256.00) |
| **Total Attorneys' Fees Awarded** | **$10,303.50** |
| | |
| Attorneys' Costs Requested | $1,612.17 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,612.17** |
| | |
| **Total Amount Awarded** | **$11,915.67** |

**Accordingly, the undersigned awards a lump sum in the amount of $11,915.67, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ms. Erin Juzapavicus.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).